IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK ADGER, ID # 2048709,  )<br>       Petitioner,  )<br>  )<br>vs.  )<br>  )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division,  )<br>       Respondent.  ) | No. 3:19-CV-1772-M-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 13, 2019 (doc. 6), should be **DENIED** with prejudice.

### I.   BACKGROUND

Patrick Adger (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his January 25, 2016 conviction and life sentence in the 282nd Judicial District Court of Dallas County, Texas, under 28 U.S.C. § 2254. (*See* doc. 6 at 2.)[2]  The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.**   <u>**State Court Proceedings**</u>

In 2013, Petitioner was indicted for murder in Case No. F-13-56945-S in the 282nd Judicial District Court of Dallas County, Texas. (*See* doc. 21-28 at 84, 103.)  After he pleaded not guilty,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

a jury found him guilty and sentenced him to life imprisonment in the TDCJ-CID on January 25, 2016. (*See id.* at 103.) On direct appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and Petitioner filed a *pro se* brief raising several appellate issues. (*See* doc. 21-30); *Adger v. State*, No. 05–16–00099–CR, 2016 WL 7163970, at *1 (Tex. App.—Dallas Nov. 30, 2016, pet. ref'd). On November 30, 2016, the judgment was affirmed. *See id.* The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review (PDR) on May 17, 2017. *See Adger v. State*, No. PD-0108-17 (Tex. Crim. App. May 17, 2017). On October 10, 2017, the Supreme Court denied his petition for a writ of certiorari. (*See* doc. 21-14 at 1.)

Petitioner's state habeas application, signed on May 18, 2018, was received by the trial court on May 30, 2018. (*See* doc. 21-28 at 4-22.) His trial counsel submitted an affidavit in response to the claims raised in the state habeas application. (*See* doc. 21-27 at 3-5.) The trial court found that Petitioner failed to prove that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that the result of the proceeding would have been different but for counsel's alleged deficiencies. (*See* doc. 21-26 at 3-5.) It recommended that the state habeas application be denied. (*See id.* at 5.) The Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court without a hearing on May 8, 2019. (*See* doc. 21-19); *Ex parte Adger*, No. WR-89,437-01 (Tex. Crim. App. May 8, 2019).

**B.   Substantive Claims**

The § 2254 petition asserts the following grounds for relief:

(1) [Petitioner's] lesser-included claim was improperly denied in the appeal because the Appeal's [sic] Court ignored evidence that requirement for a lesser-included [sic] was moot negating the Trial Courts [sic] ruling to deny [Petitioner] ability to charge jury with the lesser-included [sic] requested;

(2) [Petitioner] was denied the effective assistance of counsel by Trial counsel's

> failure to properly investigate and produce an expert witness to support controversial defense theory;
>
> (3) [Petitioner] was denied the effective assistance of counsel by trial counsel's failed strategy to obtain a lesser-included offense on the first degree murder charge.

(doc. 6 at 6-7.) Respondent filed a response on December 5, 2019. (*See* doc. 20.) Petitioner filed a reply on December 27, 2019. (*See* doc. 22.)

## II.　APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite

to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte*

*Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III.   LESSER INCLUDED OFFENSE

In his first ground, Petitioner contends that his "lesser-included claim was improperly denied in the appeal because the Appeal's [sic] Court ignored evidence that requirement for a lesser-included [sic] was moot negating the Trial Courts [sic] ruling to deny [Petitioner] ability to charge jury with the lesser-included [sic] requested." (doc. 6 at 6; *see also* doc. 7 at 12.) He appears to challenge the trial court's denial of his request to instruct the jury on the lesser included offense of criminally negligent homicide at trial, and the state appellate court's rejection of this challenge when it affirmed the judgment. (*See* doc. 7 at 12-16.)

Here, the record shows that Petitioner was charged with and convicted of murder. (*See* doc. 21-28 at 84, 103.) During the charge conference, counsel requested that the jury be charged on the lesser included offense of criminally negligent homicide on the grounds that there was a scintilla of evidence to support the charge; he also stated, "I don't want to argue about it. I'm just going to request it." (doc. 21-7 at 214-15.) After hearing both parties on the request, the trial court

denied it based on the trial evidence. (*See id.*; doc. 21-8 at 4.) On appeal, Petitioner argued in his *pro se* brief that the trial court erred when it denied his request for an instruction for the lesser included offense in the jury charge. *See Brief in Support of Motion to Object Ander's Brief* at 8-9, *Adger*, No. 05–16–00099–CR (Tex. App.—Dallas Aug. 25, 2016). After reviewing Petitioner's *pro se* brief and the record, the state appellate court held that the appeal was frivolous and without merit, and it affirmed the judgment. *Adger*, 2016 WL 7163970, at *1.

Trial court rulings are matters of state law which are not subject to reexamination by the federal courts. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). If an erroneous trial court ruling does not violate a specific federal constitutional right, a federal court may only grant habeas relief on such error when the error "renders the petitioner's trial fundamentally unfair." *Gochicoa v. Johnson,* 118 F.3d 440, 446 (5th Cir. 1997). The Fifth Circuit has repeatedly held that in a non-capital murder case, as here, the failure to give a jury instruction on a lesser included offense does not raise a federal constitutional issue. *Creel v. Johnson,* 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh,* 835 F.2d 126, 127 (5th Cir. 1988) (*citing Alexander v. McCotter,* 775 F.2d 595, 601 (5th Cir. 1985)). Therefore, Petitioner is not entitled to § 2254 relief on this ground, and it should be denied.

## IV.     INEFFECTIVE ASSISTANCE OF COUNSEL

In his second and third grounds, Petitioner contends that his trial counsel rendered ineffective assistance. (*See* doc. 6 at 6-7; doc. 7 at 20-27.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A.   **Failure to Investigate**

In his second ground, Petitioner contends that counsel was ineffective because he "fail[ed] to properly investigate and produce an expert witness to support controversial defense theory." (doc. 6 at 6; doc. 7 at 20.) He "asserts that trial counsel's performance, overall, was deficient; because he failed to prepare for trial by speaking to or seeking expert witnesses, and he failed to understand the facts necessary to advocate his defense." (doc. 7 at 18.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. To establish ineffective assistance of counsel based on a failure to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Additionally, "complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Alexander,* 775 F.2d at 602 ("In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial.").

Here, Petitioner alleges that counsel "presented victim's mental health records and filed a 'motion for appointment of investigator' with a request for more funds afterwards but never

motioned to have a professional interpret the mental health records." (doc. 6 at 6.) He further alleges that counsel "did not once call Jose Vela [the appointed defense investigator] to testify of [sic] his findings." (doc. 7 at 21.) He claims that counsel "failed to instruct Mr. Vela on what to investigate," and contends that "[h]ad the investigator went [sic] to the auto-pound or examined pictures of the vehicle in [Petitioner's] possession, alleged to have been used to cause the death of the victim, then testimony could have been used by the investigator to ascertain whether these '[floor] mats' came from the vehicle in [Petitioner's] possession." (*Id.*) Beyond his conclusory and unsubstantiated statements, he has failed to show that the defense investigator was available to testify at trial and would have done so, set out the content of his proposed testimony, or show that the testimony would have been favorable.[3] Nor has he shown resulting prejudice. Accordingly, he has failed to satisfy his burden under *Strickland* to establish ineffective assistance of counsel for failure to call the defense investigator as a witness at trial.[4] *See Day,* 566 F.3d at 538; *Alexander,* 775 F.2d at 602.

Regarding his contention that counsel was ineffective for failing to call an expert medical witness to testify regarding the victim's mental health, Petitioner alleges that the "Dallas-Fort Worth Metroplex is replete with medical professionals who were available to review the records and testify to the evidence relating to the victims [sic] MHMR records, as well as provide an

---

[3] In response to this claim in the state habeas proceedings, counsel's affidavit stated that the defense investigator "had no information that would have been particularly helpful to [Petitioner] at either phase of the trial," and that he "enjoys the attorney/client privilege umbrella protection, and if [counsel] called him to testify it would waive the privilege and subject [the defense investigator] to cross-examination on all matters relevant to the case which could possibly expose [Petitioner] to harmful testimony." (doc. 21-27 at 4.)

[4] Petitioner generally alleges the result of his trial would have been different had "counsel presented defense evidence relating to [Petitioner] not being at the scene." (doc. 7 at 23.) To the extent this allegation can be liberally construed as a separate ground for his ineffective assistance of counsel claim based on a failure to investigate, Petitioner has not identified any evidence of which counsel was not, but should have been, aware through a reasonable investigation relating to Petitioner's whereabouts at the time of the crime, and he does not explain what investigation could have been conducted to show that he was not at the crime scene. His conclusory statement is insufficient to show the ineffective assistance of counsel. Accordingly, he has failed to show that the state court's rejection of his claim was unreasonable, and the claim should be denied on this basis.

opinion on whether the victim was suicidal or had 'suicidal ideation'." (doc. 7 at 22.) He alleges that "a qualified expert would have determined that the victim suffered serious mental stability issues and was capable of committing an act of suicide." (*Id.*) He fails to name any such medical professional or qualified expert who was available to testify and would have done so, set out the content of any proposed testimony, and show that the testimony would have been favorable to a particular defense, however. He has failed to show that deficient performance and resulting prejudice under *Strickland*. *See Day,* 566 F.3d at 538; *Alexander,* 775 F.2d at 602.

Petitioner has not shown that counsel rendered ineffective assistance in his investigation of the case and his presentation of witness testimony, or that the state court's rejection of this claim was unreasonable. His claim should therefore be denied.

### B. <u>Lesser Included Offense</u>

In his third ground, Petitioner contends that counsel was ineffective because of his "failed strategy to obtain a lesser-included offense on the first degree murder charge." (doc. 6 at 7; doc. 7 at 23.) He argues that "[h]ad trial counsel understood the law, he would have investigated and presented evidence when requested by the trial court, so that [Petitioner] could have received a lesser-included [sic], and not answer the court, 'I don't want to argue about it. I'm just going to request it.'" (doc. 7 at 26.) Counsel's affidavit in response to this claim in the state habeas proceedings stated:

> Prior to trial I had several conversations with [Petitioner] specifically about the need for him to testify in order to obtain the jury charge on the lesser-included offense of criminally negligent homicide. I told him that there were no witnesses that were going to give evidence nor was there non-testimonial evidence that would require that charge to be given. [Petitioner] needed to testify, but he steadfastly refused. At the conclusion of the case, I requested the court to include the charge of criminally negligent homicide, but the court refused stating there was no evidence to support such charge being given by the court.

(doc. 21-27 at 4.)[5]  The habeas court noted the affidavit testimony from counsel and concluded that Petitioner had failed to prove that he received ineffective assistance of counsel.  (*See* doc. 21-26 at 5.)

Texas law requires a lesser included offense charge when (1) the "lesser included offense is included within the proof necessary to establish the greater offense"; and (2) there is "some evidence in the record show[ing] that, if the defendant is guilty, he is guilty only of the lesser included offense."  *Taylor v. State*, No. 05-17-00658-CR, 2018 WL 3640467, at *8 (Tex. App.—Dallas Aug. 1, 2018, no pet.) (citations omitted).  In Texas, criminally negligent homicide is a lesser included offense of murder.  *See id.* (citing *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992)).  It "occurs when a person causes the death of another by criminal negligence."  *Lugo v. State*, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984) (en banc).  "A person acts with criminal negligence, or is criminally negligent, . . . when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."  Tex. Penal Code § 6.03(d); *see also Montgomery v. State*, 369 S.W.3d 188, 192-93 (Tex. Crim. App. 2012) (stating elements of criminally negligent homicide).

Here, Petitioner has not identified any evidence in the record that shows that if he is guilty, he is guilty of only the lesser included offense of criminally negligent homicide.  He argues that the state medical expert's testimony that the injuries sustained by the deceased victim were consistent with homicide, accident, or suicide constitutes evidence to support a charge of

---

[5] As discussed, the record shows that counsel requested an instruction on the lesser included offense of criminally negligent homicide at the charge conference, and that the trial court denied the request.  (*See* doc. doc. 21-7 at 214-15; doc. 21-8 at 4.)

criminally negligent homicide. (*See* doc. 7 at 24-26.) He also claims that had counsel "argued by showing the language of the indictment and pointing to [the state medical expert's] testimony this would have sufficed or had he presented a psychiatrist or psychologist to promote his theory of the victim jumping out of the car due to 'hallucinations' and a 'bi-polar' episode this would've sufficed." (*Id.* at 26.)

None of this evidence shows or supports a claim that Petitioner's culpable mental state was one of criminal negligence, however. *See Jackson v. State*, 248 S.W.3d 369, 371-72 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that "[b]efore a charge on criminally negligent homicide is required, the record must contain evidence showing an unawareness [by the defendant] of the risk" of death created by his conduct); *see also Taylor*, 2018 WL 3640467, at *8 ("The key to criminal negligence is not the actor's being aware of a substantial risk and disregarding it, but rather the failure of the actor to perceive the risk at all."). Nor has he identified any evidence or testimony in the record to show that he acted with criminal negligence. Because his claim that he was entitled to a jury instruction on the lesser included offense of criminally negligent homicide is without merit, he has failed to show that counsel was deficient for failing to obtain or argue further for such an instruction, or that he was prejudiced under *Strickland*.[6] *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). He has not shown that

---

[6] Petitioner alleges that had he "understood that trial counsel's defense, when asked, would have have [sic] been based on his failed investigation and promulgation, he would have came [sic] to terms with the State's plea bargain offer." (doc. 7 at 27.) Beyond this conclusory allegation, he provides no facts or evidence in the record showing that he would have accepted the terms of any alleged plea offer, or that any such plea offer would still have been available to him after counsel's alleged failure to obtain a jury instruction for the lesser included offense of criminally negligent homicide. "[A] court cannot consider a habeas petitioner's bald assertions on a critical issue . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") His conclusory allegation is therefore insufficient to demonstrate *Strickland* prejudice.

counsel rendered ineffective assistance relating to the lesser included offense of criminally negligent homicide, or that the state court's rejection of this claim was unreasonable. The claim should be denied.

## V. EVIDENTIARY HEARING

Petitioner "sees that a [sic] evidentiary [sic] is required as this court deems necessary." (doc. 22 at 4; *see also* doc. 7 at 28.) Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VI. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 13, 2019 (doc. 6), should be **DENIED** with prejudice.

**SIGNED this 11th day of April, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE